DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Trandra Booze, appeals from the judgment of the Summit County Juvenile Court awarding permanent custody of her son, Samuel Feaster Jr., to the Summit County Children Services Board ("CSB"). We affirm.
 I.
Ms. Booze is the mother of Samuel Feaster Jr., born December 20, 1996.[1] On February 24, 1997, the juvenile court granted emergency temporary custody of Samuel to CSB based on CSB's affidavit of dependency and neglect. A shelter care hearing was held on February 25, 1997. Ms. Booze was present at that hearing and requested the court to appoint her an attorney because she was without funds to obtain one. The court granted CSB's motion for emergency temporary custody and appointed counsel to represent Ms. Booze. An adjudicatory hearing was set for March 24, 1997. Ms. Booze was served residentially with notice of that hearing. Apparently, Ms. Booze was not present at that hearing, but her appointed counsel did appear. The court found by clear and convincing evidence that Samuel was a dependent child, but found that the allegations of neglect were not supported by clear and convincing evidence. The court adjudicated Samuel a dependent child and dismissed the allegations of neglect. A dispositional hearing was set for May 7, 1997. Ms. Booze's counsel was present, but the court noted that Ms. Booze's whereabouts were unknown, that her last visit with the child was in March, and that there were warrants out for her arrest on charges unrelated to her child. The court again granted temporary custody of Samuel to CSB.
CSB filed a motion for permanent custody on October 10, 1997. A trial on the matter was scheduled for March 5, 1998. The Summit County Sheriff's Office attempted to serve Ms. Booze with notice of the trial on two separate occasions; however, Ms. Booze could not be located. The assistant prosecutor filed an affidavit averring that Ms. Booze's address was unknown and could not with reasonable diligence be ascertained. Service by publication was completed on January 27, 1998.
On March 4, 1998, the juvenile court received a letter from Ms. Booze in which she requested a continuance of the permanent custody hearing, requested court appointed counsel, and informed the court that she was in the Bedford Heights Jail. On March 5, 1998, Ms. Booze's previously appointed counsel moved the court for a continuance because he had just recently learned of his client's whereabouts. The court granted the motion and scheduled the permanent custody hearing for March 19, 1998. It appears from the record that the order granting the continuance was mailed to the prosecutor and Ms. Booze's attorney. On March 11, 1998, Ms. Booze's attorney moved the court for a warrant of removal directing the Summit County Sheriff to transport Ms. Booze to and from the permanent custody hearing. The juvenile court granted that order; however, it was never executed because Ms. Booze was apparently released from the Bedford Heights Jail prior to the hearing date.
At the permanent custody hearing on March 19, 1998, although Ms. Booze was not in attendance, her appointed counsel was present. Her counsel moved the court for another continuance. He informed the court that he once again was not aware of his client's whereabouts, and that he had not had an opportunity to speak to her. He argued that his ability to represent and defend his client had been "seriously jeopardized" by his inability to meet with her. The juvenile court denied the motion and proceeded with the hearing. The juvenile court terminated Ms. Booze's parental rights and granted permanent custody of Samuel to CSB. Ms. Booze has timely appealed, raising one assignment of error.
 II. Juvenile court lacked jurisdiction to grant permanent custodyof Samuel Feaster to Summit County Children Services Boarddue to the fact that [Ms. Booze] had no notice and was denieddue process rights under [the] Fifth, Ninth[,] andFourteenth Amendments of the United States Constitution.
Ms. Booze has argued that the juvenile court had no jurisdiction to grant permanent custody to CSB. She has based her argument on the allegation that, after her whereabouts became known on March 4, 1998, the State made no further efforts to serve her pursuant to Section 2151.29 of the Ohio Revised Code and Rule 16 of the Ohio Rules of Juvenile Procedure.
It is important to note that Ms. Booze was represented by counsel at the adjudicatory hearing, the dispositional hearing, the original permanent custody hearing scheduled on May 5, 1998, and at the permanent custody hearing. At the permanent custody hearing, her counsel did not raise the issue of lack of notice. Her counsel moved the juvenile court for a continuance of the custody hearing because he had been unable to speak with his client. He told the court that he felt that his ability to represent and defend her had been seriously jeopardized. The juvenile court denied the motion for a continuance.
Ms. Booze's counsel did not at any time mention that Ms. Booze had not received proper notice. In fact, when the State asked the juvenile court to put on the record that proper service had been effectuated, Ms. Booze's counsel did not object. The juvenile court subsequently found that Ms. Booze had been properly served with notice. By failing to raise the issue of lack of notice in the juvenile court, Ms. Booze has waived any possible error on appeal. In re Jones (Sept. 16, 1998), Summit App. No. 18813, unreported, at 3; In re Gibson (June 10, 1992), Summit App. No. 15416, unreported, at 3. Accordingly, Ms. Booze's sole assignment of error is overruled.
 III.
Ms. Booze's sole assignment of error is overruled. The judgment of the juvenile court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ MARY CACIOPPO, FOR THE COURT
SLABY, P. J.
CARR, J., CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] Mr. Samuel Feaster Sr. was excluded as the father of Samuel through genetic testing and was subsequently dismissed as a party. No other person was named by Ms. Booze as the possible father of Samuel.